# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL AMA and SHILO MICHELLE GRIFFIN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO CONTINUE JURY TRIAL AND EXCLUDING TIME**<br><br>Case No. 2:11 CR 00056 TS |

Based on the Motion to Continue the Jury Trial filed by Defendant, Paul Ama, and Defendant Shilo Griffin's Joinder, the court makes the following findings:

1. Counsel for the Defendant requests additional time to conduct further investigations in this case. Specifically, the defense has attempted to interview several witnesses who may have information regarding the alleged offenses in this case. To date, the defense has not been able to interview those witnesses due to circumstances unrelated to the due diligence of defense counsel.

2. Furthermore, counsel for the Defendant has requested key evidence that has not yet been provided by the government. The critical evidence includes laboratory reports of drug tests, possible DNA testing conducted on evidence, and possible fingerprint evidence. Without this evidence, counsel cannot adequately prepare for trial. Once this evidence is received, counsel will need additional time to analyze the evidence and consult with independent experts regarding the impact of the evidence on the Defendant's possible defenses. Due to a backlog at local and national crime laboratories, counsel believes there will be some delay in acquiring the evidence. The Government has indicated that it is unsure when the evidence will be available to defense counsel.

3. Although this case is not complex, the Defendant's potential sentencing exposure is great as evidenced by the Government's recent filing of multiple mandatory minimum sentencing enhancement notices. Given the nature of the evidence described above, and the gravity of the sentencing exposure in this case, counsel for the Defendant believes the interests of justice require a continuance of at least 60 days in this case. Depending on when the Government is able to fulfill the discovery requests mentioned above, more time may be needed in the future. Counsel for the Defendant reserves the right to request additional time in the future based on future developments.

4. Defendant, Paul Ama, is in custody and agrees with the need for a continuance of the trial. This is the first continuance requested in this case. Defendant Griffin joins in the Motion to Continue the Trial. The government has been contacted and has no objection to the requested continuance.

5. Counsel has been diligent in preparing for trial, including by attempting to contact witnesses. However, due to circumstances beyond the control of the parties, counsel for the defendant has not yet received all evidence or been able to contact all potential witnesses. To deny the requested continuance would deny counsel for Defendant the time necessary for effective preparation, taking into account his due diligence. Because counsel has yet to receive all of the evidence against his client, the ends of justice are best served by a continuance of the trial date, and the ends of justice outweigh the interest of the public and the Defendant in speedy trial.

Based on the foregoing findings, it is hereby:

ORDERED

The 3-Day Jury Trial previously scheduled to begin on March 28, 2011, is hereby continued to the 13th day of June, 2011, at 8:30 a.m. Pursuant to 18 U.S.C. § 3161(h), the Court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the time between the date of this order and the new trial date set forth above is excluded from speedy trial computation for good cause.

Dated this 29th day of March, 2011.

BY THE COURT:

_____
Ted Stewart
Chief United States District Court Judge